IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CITY OF ROBSTOWN, TEXAS, § § § Plaintiff, § v. § MEECORP CAPITAL MARKETS, L.L.C., and § TEX-WAVE INDUSTRIES, L.P., § § Defendants. § § | Civil Action No. C-06-129 |

### ORDER OF REMAND

On this day came on to be considered Plaintiff's Motion to Remand (D.E. 12) and Defendant Tex-Wave Industries' First Amended Motion to Remand (D.E. 14). For the reasons stated herein, the Court GRANTS the Motions. The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 28th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-636-A.

**I.   Jurisdiction**

Defendant Meecorp Capital Markets (Meecorp) removed the action to this Court alleging diversity jurisdiction. See 28 U.S.C. § 1332. Specifically, Meecorp alleged that the amount in controversy exceeds $75,000 and Plaintiff, the City of Robstown (the City), and Meecorp, the only properly joined Defendant, are citizens of different states. Meecorp acknowledged that Defendant Tex-Wave Industries (Tex-Wave) is a Texas citizen, but argued that Tex-Wave was improperly joined to defeat diversity. (Notice of Removal ¶¶ 9-11.)

For the reasons stated below, the Court finds that Tex-Wave was properly joined; as such, the Court lacks subject-matter jurisdiction over the action.

**II.     Factual and Procedural Background**

On June 14, 2004, the City, Meecorp and Tex-Wave executed an instrument titled "General Obligation," in which the City guaranteed the repayment of a $4,400,000.00 loan Meecorp made to Tex-Wave.  On February 10, 2006, the City brought an action in state court, seeking a judgment declaring the General Obligation invalid under the Texas State Constitution.  On March 22, 2006, Meecorp removed the declaratory judgment action to this Court, claiming nondiverse Defendant Tex-Wave was improperly joined.  Tex-Wave did not join the Notice of Removal.

On April 20, 2006, the City filed a Motion to Remand (D.E. 12).  The City argues that (1) Tex-Wave was properly joined because Tex-Wave is a necessary Defendant, and (2) the removal was procedurally defective.  Tex-Wave also moved to remand, maintaining that joinder was proper because it "has an interest in the outcome of this litigation as one of the responsible entities for the approximately four (4) million dollar loan." (D.E. 6 & 14.)  Meecorp filed an Opposition to Motions to Remand on May 10, 2006 (D.E. 16), again asserting Tex-Wave was improperly joined.

**III.    Discussion**

An action is removable if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  "The inquiry into the existence of complete diversity requires [the Court to] consider[] the citizenship [of] . . . indispensable parties." Bankston v. Burch, 27 F.3d 164, 168 (5th Cir. 1994); see also Avitts v. Amoco Prod. Co., 111 F.3d 30, 33 (5th Cir. 1997).

In the context of contract rescission, the Supreme Court has noted:

> [I]f only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them; while it is set aside, and the contracting parties restored

>to their former condition, as to the others. We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties.

Shields v. Barrow, 58 U.S. 130, 140 (1854); see also Cornhill Ins. PLC v. Valsamis, Inc., 106 F.3d 80, 84 (5th Cir. 1997). Federal courts have consistently held that a party to an agreement in dispute is an indispensable party in a suit seeking to rescind, annul, or interpret that agreement. See, e.g., Enter. Mgmt. Consultants, Inc. v. United States, 883 F.2d 890, 894 (10th Cir. 1989) ("[N]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983) ("Numerous cases hold that an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined."); Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 81-82 (1st Cir. 1982) ("an action seeking rescission of a contract must be dismissed unless all parties to the contract . . . can be joined"). Accordingly, if the Court determines that a party is an indispensable party, and such party's citizenship destroys complete diversity, then the Court must remand the action to state court for lack of subject-matter jurisdiction. See 28 U.S.C. § 1332; 28 U.S.C. § 1447(c); see also Avitts, 111 F.3d at 33.

In this case, both the City and Tex-Wave contend that because the legal relationships of the City, Meecorp and Tex-Wave under the General Obligation will be determined by the outcome of the declaratory judgment action, Tex-Wave is an indispensable party in the action. The Court agrees.

It is undisputed that the City filed the action seeking to rescind the General Obligation. Specifically, the City seeks a judgment declaring "any loan guarantee, surety bond, or obligation on

the part of [the City] to Meecorp involving the loan by Meecorp to Tex-Wave[,] including the . . . 'General Obligation[,]' is invalid under the Texas State Constitution." (Pl.'s Original Pet. at 5.) It is also undisputed that Tex-Wave is a party to the General Obligation because Tex-Wave's President signed the General Obligation on behalf of Tex-Wave, thus binding Tex-Wave to its terms. For example, under the General Obligation, Tex-Wave and Meecorp "shall not change the amount of the Loan . . . without the prior consent of the [City.]" (General Obligation ¶ 4.) Furthermore, the rights of the City are not separable from the rights of Tex-Wave as the General Obligation provides that "[t]his Policy is binding jointly and severally upon [Tex-Wave,] the Borrower[,] and [the City,] the Surety." (General Obligation ¶ 6.) Based on these undisputed facts, the Court finds that Tex-Wave is an indispensable party in this action seeking to rescind the General Obligation.[1] See Shields, 58 U.S. at 140. Accordingly, there is not complete diversity of citizenship among the parties because both Plaintiff and Defendant Tex-Wave are citizens of Texas.

**IV.   Conclusion**

For the reasons stated, the Court GRANTS the Motions to Remand (D.E. 12 & 14). The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 28th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-636-A.

SIGNED and ENTERED this 19th day of May, 2006.

_____
Janis Graham Jack
United States District Judge

---

[1] The Court also notes that the City's action was originally brought in state court pursuant to Texas Uniform Declaratory Judgment Act, which provides that "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code Ann. § 37.006 (Vernon 1997) (emphasis added).